```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF
                                         CASE NO. 04-10421 SEC. A
THOMAS ROBERT KRYSAN
                                         CHAPTER 7
     Debtor
-------------------------------------------------------------------

LAURIE JO TERRELL

     Plaintiff

          Vs.                            ADV. NO. 04-1078

THOMAS ROBERT KRYSAN

     Defendant
-------------------------------------------------------------------
                         REASONS FOR DECISION
-------------------------------------------------------------------
```

Thomas Robert Krysan ("the Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code[1] on January 22, 2004. Laurie Jo Terrell ("Ms. Terrell") filed the instant complaint pursuant to section 523 seeking a determination of the dischargeability of the debt owed her by the Debtor.

Trial was held on March 17, 2005. After hearing the evidence, the matter was taken under advisement.

## I.   FACTUAL BACKGROUND

Ms. Terrell alleges unauthorized use by the Debtor of her La Capitol Federal Credit Union credit card in the amount of $7,000.

---

[1]Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section."

She alleges such use occurred between July 15, 2002, and February 2003, during which time they were living together.  The Debtor argues that Ms. Terrell knew that he had possession of and was using her credit card, and, in fact, had on occasion given him permission to use the card.

The relationship obviously soured, and, to evidence his obligation to her, the Debtor executed a promissory note for $12,100 in favor of Ms. Terrell. Of this amount, $5,100 represented a loan by Ms. Terrell to the Debtor in connection with an automobile transaction.  The remaining $7,000 was for the credit card charges at issue.

As the Debtor did not pay the note as agreed, Ms. Terrell thereafter brought suit and obtained a judgment against him in Case No. 0304-03447 in East Baton Rouge Parish, Louisiana.

On January 22, 2004, the Debtor filed a voluntary petition for bankruptcy relief under Chapter 7 of the U. S. Bankruptcy Code. The instant complaint was filed April 19, 2004.

## II.   Debtor's Objection to Evidence of Fraud

As a threshold issue, the Debtor objected to the introduction of evidence of fraud as the City Court judgment was silent on the issue.  The Court allowed the testimony, reserving ruling on the objection.

> *Res judicata*, commonly referred to as claim preclusion, prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties

>regardless of whether they were asserted or determined in the prior proceeding.

Russell, Bankruptcy Evidence Manual, 2004 Ed., § 1.

The United States Supreme Court, in Archer v. Warner, 538 U.S. 314, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003), affirmed its prior rulings that *res judicata* does not apply in dischargeability cases:

> "The mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt." ... Congress [] intended to allow the relevant determination (whether a debt arises out of fraud) to take place in bankruptcy court, not to force it to occur earlier in state court at a time when nondischargeability concerns "are not directly in issue and neither party has a full incentive to litigate them."

538 U.S. at 321, 123 S.Ct. at 1467, quoting Brown v. Felson, 442 U.S. 127, 134, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

The parties agree that fraud was not alleged in the City Court proceeding in which Ms. Terrell obtained a judgment on the promissory note.[2] However, according to the Supreme Court, the City Court judgment does not stop this Court from looking into the "true nature of the debt" for dischargeability purposes. Accordingly, the Debtor's objection is overruled.

---

[2] Collateral estoppel does apply in dischargeability cases. Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed 755 (1991). However, for collateral estoppel to apply, the issue must have been litigated in the prior action; as the parties agree that fraud was not alleged in the City Court proceeding, collateral estoppel is not applicable in this case.

### III. Law and Analysis

Certain general principles apply in proceedings where an exception to dischargeability is involved. First, the party seeking to establish an exception to the discharge of a debt bears the burden of proof. In re Benich, 811 F.2d 943, 944 (5th Cir. 1987). Further, the burden of proof required to establish such exception is a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Finally, "[e]xceptions to discharge should be construed in favor of debtors in accordance with the principle that provisions dealing with this subject are remedial in nature and are designed to give a fresh start to debtors unhampered by pre-existing financial burdens. (Citations omitted.)" In re Davis, 194 F.3d 570, 573 (5th Cir. 1999).

Section 523(a))(2)(A) provides in relevant part that debts for money obtained by "false pretenses, false representation, or actual fraud" are not discharged in chapter 7 proceedings. While often grouped together, each component requires separate proof, although the difference between each is sometimes blurred.

The Fifth Circuit, in the case of In re Bercier, 934 F.2d 689, 692 (5th Cir. 1991), pointed out the distinction between false pretenses and representations on the one hand and actual fraud on the other:

4

>   In order for Bercier's representation to be a false representation or false pretense under § 523(a)(2), the "false representations and false pretenses [must] encompass statements that falsely purport to depict *current or past facts*. [A debtor's] promise ... related to [a] *future action* [which does] not purport to depict current or past fact ... therefore cannot be defined as a *false representation or a false pretense*. In re Roeder, 61 B.R. 179, 181 (Bankr.W.D.Ky. 1986) (quoting In re Todd, 34 B.R. 633, 635 (Bankr.W.D.Ky. 1983)). *See* Collier on Bankruptcy 15th Ed., § 523.08[4] ("A mere promise to be executed in the future is not sufficient to promise to be executed in the future is not sufficient to make a debt nondischargeable, even though there is no excuse for the subsequent breach.") [Footnote omitted.]

The Bercier court, quoting further from Roeder, then discussed how the fraud component differs from the false representation and false pretense components:

>   ... a cause of action for fraud will exist under 11 U.S.C. §523(a)(2)(A) when a debtor makes promises of future action which, *at the time they were made*, he had no intention of fulfilling. In order to succeed on this legal theory, the objecting party must prove that: (1) the debtor made representations; (2) at the time they were made the debtor knew they were false; (3) the debtor made the representations with the intention and purpose to deceive the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained losses as a proximate result of the representations. Roeder, 61 B.R. at 181.

934 F.2d at 692.

In Recoveredge L.P. v. Pentecost, 44 F.3d 1284 (5th Cir. 1995), the Fifth Circuit again recognized the distinction between actual fraud and false pretenses and representations. After discussing the latter, the court defined actual fraud:

>   "Actual fraud, by definition, consists of any deceit, artifice, trick or design involving direct and active operation of the mind, used to circumvent and cheat

5

> another - something said, done or omitted with the design of perpetrating what is known to be a cheat of deception." 3 Collier on Bankruptcy ¶ 523.08[5], at 523-57 to 523-58 (footnote omitted).

44 F.3d at 1293. The court then reiterated the five elements of proof essential to prove nondischargeability under actual fraud, as set forth in Roeder and which were quoted in Bercier. With but one exception, each of the requisite elements of proof requires no further definition or explanation.

The one exception is the requirement of reliance by the creditor. The Supreme Court has determined that the reliance must be "justifiable" in order to satisfy the creditor's burden of proof. The following discussion in the case of In re Scarpello, 272 B.R. 691, 700 (Bankr.N.D.Ill. 2002), sets forth the general principles of "justifiable reliance" gleaned from the Supreme Court's decision:

> Justifiable reliance is an intermediated level of reliance. It is less that reasonable reliance, but more than reliance in fact. Field v. Mans, 516 U.S. 59, 74-75, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). The justifiable reliance standard imposes no duty to investigate unless the falsity of the representation is readily apparent. *Id*. at 70-72. Whether a party justifiably relies on a misrepresentation is determined by looking at the circumstances of a particular case and the characteristics of a particular plaintiff, and not by an objective standard. *Id*. at 71. To satisfy the reliance element of § 523(a)(2)(A), the creditor must show that the debtor made a material misrepresentation that was the cause-in-fact of the debt that the creditor wants excepted from discharge. (Citation omitted.)

The statute and the jurisprudence thereunder require Ms. Terrell to prove her reliance upon the Debtor's misrepresentations.

6

Section 523(a)(2)(A) is not only silent with respect to the level of creditor reliance upon the Debtor's representations, the statute makes no mention of any requirement of reliance whatsoever. Notwithstanding such silence, however, the Supreme Court held in Field v. Mans, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), that section 523(a)(2)(A) requires actual and justifiable reliance by the creditor on the misrepresentation.  The Court went on to state that while a reasonable reliance standard is not required under section 523(a)(2)(A), the concept of reasonableness is relevant:

> As for the reasonableness of reliance, our reading of the Act does not leave reasonableness irrelevant, for the greater the distance between the reliance claimed and the limits of the reasonable, the greater the doubt of reliance in fact. Naifs may recover, at common law and in bankruptcy, but lots of creditors are not at all naive.  The subjectiveness of justifiability cuts both ways, and reasonableness goes to the probability of actual reliance.

516 U.S. at 76, 116 S.Ct. at 446.

> The inquiry will focus on whether the falsity of the representation was or should have been readily apparent to the individual to whom it was made.

4 Collier on Bankruptcy ¶ 523.08[1][d] at p. 523-44.2.

In the instant case, Ms. Terrell testified that she paid off this particular credit card on July 15, 2002, and that she did not know until February 2003, when she saw her credit card statement, that the Debtor was using her credit card.  She also testified that she used the credit card once during that period, in December 2002

at a hair salon.  Ms. Terrell also testified that she did not see any of her credit card statements between July 15, 2002, and February 2003.

Even assuming that Ms. Terrell has satisfied the remaining elements of proof required in a section 523(a)(2)(A) case, which the court does not concede, the failure to satisfy the requirement of reliance is fatal to her complaint.  The following observations support such failure.

While the Debtor admitted that he paid the minimum balances on the credit card most months during the time period at issue, the court finds that Ms. Terrell's failure to notice that she never received a credit card statement for seven months negates any finding of "justifiable reliance."  At the very least, she should have looked for a statement after using the card in December 2002.

Further, there were two months where the Debtor failed to make timely credit card payments.  For those months, the Credit Union directly debited the minimum payments from Ms. Terrell's checking account, namely, $61.00 in September 2002, and $84.00 in October 2002.  The Court finds it difficult to believe that Ms. Terrell did not notice those notations on her checking account statements.  Ms. Terrell testified that she did not review her checking account statements, even though she acknowledged that she had several automatic withdrawals from the account.  Again, this lack of diligence runs counter to the requirement that she justifiably

relied on anything the Debtor may have said or done. At the very least, the Court finds it difficult to believe that Ms. Terrell would not miss $145.00 from her checking account, especially at a time when she testified that she had several credit cards that had reached their respective limits.

In sum, the Court believes that the any alleged falsity of the Debtor's representation was readily apparent to Ms. Terrell through her credit card and checking account statements. Accordingly, the court concludes that Ms. Terrell has failed to carry her burden of proof with respect to the reliance requirement of section 523(a)(2)(A). This finding precludes the court from addressing whether Ms. Terrell has met her burden with respect to the remaining elements of proof under such section.

### III. Attorneys Fees

In his answer to the complaint, the Debtor requested costs and attorneys fees pursuant to 11 U.S.C. §523(d). Section 523(d) provides

> If a creditor requests a determination of dischargeability of a consumer debt under subsection(a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

The Court declines to award costs and attorneys fees to the Debtor, finding that the position taken by Mrs. Terrell, under the

9

particular circumstances of the case[3], including the failed relationship between the parties, was substantially justified.

### IV. Conclusion

Because Ms. Terrell has not proven justifiable reliance on the Debtor's representation, the Court finds that Ms. Terrell has not met her burden of proving that the Debtor obtained "money, property, services, or an extension, renewal, or refinancing of credit" through "false pretenses, a false representation, or actual fraud" pursuant to 11 U.S.C. §523(a)(2)(A).[4] Accordingly, the case must be dismissed.

**THUS DONE AND SIGNED** in Chambers at Opelousas, Louisiana, on this 29th day of April, 2005.

_____
Gerald H. Schiff
United States Bankruptcy Judge

---

[3] The court observes that Ms. Terrell filed this proceeding *pro se.*

[4] Even though the Court only explored the factors for actual fraud in detail, reliance is also a factor for false pretenses and false representation. Because Ms. Terrell's reliance was not justifiable, she has also failed to meet her burden of proof regarding false pretenses and false representation.